MANPOWER, INC., A. K. A. MANPOWER, INC., OF OHIO,
PLAINTIFF-APPELLEE, *v.* PHILLIPS, DEFENDANT, OAKLEY DRIVE-IN
THEATRE, INC., ET AL., DEFENDANTS-APPELLANTS.

Ohio Appeals, First District, Hamilton County.

No. 8781. Decided June 27, 1960.

*Messrs. Spievack & Spievack,* for appellee.
*Mr. Jonas B. Katz,* for appellants.

O'CONNELL, J.   Manpower, Inc., plaintiff and appellee herein, entered into a contract with one J. M. Phillips, a defendant in this action upon whom service was not had, nor did he voluntarily enter his appearance, to furnish labor for the Oakley Drive-In Theatre, for the construction of a concession building, known as 5027 Madison Road.   Plaintiff then furnished labor in the sum of $1955.45 for this work.   The premises are owned by J. W. Brown, trustee, a. k. a. Jacob W. Brown, trustee, and are leased by Oakley Drive-In Theatre, Inc., both being defendants in this case.   Plaintiff was a subcontractor.

The plaintiff's petition alleges that "the last of such labor * * * was furnished and performed on the 23rd day of August,

1957; that within sixty days thereafter, to-wit: on the 10th day of September, 1957, plaintiff filed for record in the office of the Recorder of Hamilton County, Ohio, affidavit showing the amount due it over and above all set-offs, a description of such property, and otherwise according to the requirements of Section 1311.06 of the Revised Code of Ohio. Such affidavit was recorded in Vol. 69, page 72 of the Hamilton County Mechanics' Liens Records, reference to which is hereby made, constitutes a valid and subsisting lien on said property. That on or about the 10th day of September, 1957, within thirty days after filing such affidavit for lien, plaintiff served a copy thereof on J. W. Brown, trustee, a. k. a. Jacob W. Brown, trustee, the owner of said premises, by registered mail addressed to him." The petition further states that demand has been made upon the defendants for $1955.45, but that they have refused to pay such sum.

In their answer, Oakley Drive-In Theatre, Inc., and Brown deny these allegations. They allege further that "the plaintiff performed no work or labor on the premises of the said defendant; that the plaintiff did no work or labor on its premises or furnish labor pursuant to any contract or request of the defendants, Oakley Drive-In Theatre or J. (Jacob) W. Brown, trustee; and that the plaintiff did not construct, alter, erect, improve, repair, remove, dig or drill any part of any structures or improvements under any contract with any other person on the premises of the said defendants." They allege also "that the plaintiff corporation is not a mechanic, worker, artisan, or laborer, that it was never employed in or about any work on the premises of the defendants and that the plaintiff had not performed labor for or furnished machinery, material or fuel to any of the defendants herein."

The answer states further "that by reason of the foregoing plaintiff does not have a lien on the said premises of the defendants, Oakley Drive-In Theatre or Brown." The defendants then ask that the petition be dismissed.

The court awarded a judgment of $2,238.99 to the plaintiff against the defendants Oakley Drive-In Theatre, Inc., and Brown, as trustee, and ordered that unless such sum was paid "within 30 days from the date of this entry," or, unless a "no-

tice of appeal be duly filed," the lien described in the plaintiff's petition "be foreclosed and the said real estate described therein be sold according to law."

From that judgment, the defendants Brown and Oakley Drive-In Theatre, Inc., have appealed to this court, the appeal being one on questions of law and fact.

In his prayer, the plaintiff asks for a judgment against the defendants for $1955.45, and for a declaration that it has a valid lien upon the said premises in this amount.

What is a lien? The word is taken bodily out of the Latin. The Latin word, "lien," means "a pledge." In English, its meaning is somewhat different, although the idea of pledge is not entirely absent. It generally conveys the idea of property being subjected to an encumbrance of some kind or another. Let us look at the definition in Webster's New International Dictionary (2 Ed), where the word, "lien," is defined (in law) as "a charge on real or personal property for the satisfaction of some debt or duty; a right in one to control or to hold and retain or enforce a charge against the property of another until some claim of the former is paid or satisfied."

It might be added here that one of the first triumphs of organized labor was the obtaining of laws in the different states providing for the enactment of mechanics' lien legislation. Previously, in 1791, the General Assembly of Maryland had provided for a mechanics' lien law after having been urged to do so by Jefferson and Madison.

The matter in dispute in this case hinges on the meaning of certain language in Section 1311.02, Revised Code. Certainly, since the last century the courts, including the Supreme Court of the United States, have held that the word, "person," includes not only a natural person but also an artificial person (a corporation). So that there can be no question about the meaning of the word, "person," as it is used throughout this section of the Revised Code. However, the statute (Section 1311.01, Revised Code), entitled "definitions," makes all argument in this regard unnecessary, for in subdivision (E) it is stated that " 'person' includes a corporation * * *."

Nor can there be much question about the meaning of the words, "work" and "labor." Work and Labor are not confined to the physical field. There can be mental work and labor,

and there was such in this case. The hiring of workers, as a matter of fact, involves not only mental work, but physical labor as well. To obtain workers, one must use a telephone, telephone book, typewriters and other material devices, as well as parts of the body such as the hands, arms and voice. Briefly, there is no labor which is not both physical and mental, although in all labor there is a predominance of the one rather than the other.

The statute makes it unnecessary that this work or labor be upon one or the other of many different kinds of construction. What does the word, "upon" mean? Does it signify that one must be at the scene with a pick and shovel? Or rather, does it not mean, as the words are here so used, that the work and labor have *some* connection with the building project involved? In other words, the furnishing of labor by the plaintiff has, not a direct but an indirect connection with the construction of the theatre. So, "an architect is entitled to a lien for superintending the construction of a building, notwithstanding the agreement for superintendance and an agreement for preparation of the plans and specifications are parts of the same contract, where the compensation for each service is separately allocated." 5 Ohio Jurisprudence (2d), 12, Section 13, citing *Stark* v. *McConnell*, 22 Ohio Opinions, 123.

And here it might be added that manual labor, such as carrying bricks or digging a trench, is not all that is comprehended by the words "work" and "labor" is demonstrated by the use of the word, "corporation," after the words, "person or," in Section 1311.02, Revised Code. Ordinarily, we do not think of a corporation as doing manual labor, except through its servants or except in the sense that, as in this case, the plaintiff did manual labor concerning the building project, or except in some similar sense.

And this is what 33 American Jurisprudence, 430, Section 21, has to say in the matter:

"In the absence of an express contract, a lien based upon the fundamental maxims of equity may be implied and declared by a court of equity out of general consideration of right and justice as applied to the relationship of the parties and the circumstances of their dealing. Under the rule, courts of equity,

in awarding compensation for improvements placed upon the land of another, have sometimes decreed that the amount due shall be a lien on the land itself.''

How much more potent is the position in this case of the plaintiff who has an express contract. But, more convincing still is Section 1311.24, Revised Code, which provides for a liberal interpretation of Sections 1311.01 to 1311.24, inclusive. That section reads:

''Sections 1311.01 to 1311.24, inclusive, of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections, provided for and to give jurisdiction to the court to enforce the same.''

Thus, the law concerning liens has been made as comprehensive as possible, the idea being to protect anyone who has himself performed work and labor or who has supplied materials for a building project. If all that is required is a ''substantial compliance with the sections,'' certainly there should be no question about the right of the plaintiff to its lien.

Since this is a proceeding in equity, since by law the statutes involved should be interpreted liberally, since under the statute a substantial compliance with Sections 1311.01 to 1311.24, Revised Code, is sufficient and since justice and equity require it, the finding in this case must be for the plaintiff.

The court therefore finds that the plaintiff has a good and valid lien against the premises described in the petition.

A decree finding that the plaintiff has a good and valid lien against the premises described in the petition and ordering foreclosure of the lien will be entered in this court. The cause will be remanded to the Court of Common Pleas of Hamilton County for execution.

Judgment accordingly.

MATTHEWS, P. J., and LONG, J., concur.